## ANCESTRAL PROPERTY WHICH SUFFERS TRANSMUTATION LOSES ITS ANCESTRAL CHARACTER.

[Common Pleas Court of Hamilton County.]

McCAMMON ET AL v. COOPER, TRUSTEE, ET AL.

Decided, April 17, 1902.

*Descent—Ancestral Property—Transmutations from Realty to Personalty and Back to Realty.*

Property inherited by a minor, and which under order of court suffers in the hands of the guardian several transmutations from
realty to personalty and back to realty, and at the minor's death
is in the form of realty, does not retain its original character of
ancestral property, and must be treated as an acquisition of the
minor.

CALDWELL, J.

The determinative question in this case is this: "Does property inherited by a minor, and which suffers at the hands of the trustee or guardian of the minor, under order of court, several transmutations from realty to personalty, and finally prior to the minor's death becoming realty, retain its original character of ancestral property throughout the period of such transmutation, and descend under our statutes, upon the death of the minor, as ancestral property.

The court is of the opinion that the principal of law governing this question was before the Supreme Court for decision in the case of *Armstrong et al* v. *Miller et al,* 6 O., page 119. In this case a minor, Innis, inherited lands from his father, and the guardian who was appointed for the minor obtained from the court an order to sell a portion of these lands for the support and education of the child. Moneys having come into the guardian's hands from the proceeds of this sale, and the minor dying in the meantime, a contest ensued between the brothers and sisters of the half-blood of the deceased minor on the one side, and the brothers and sisters of the father of the deceased minor on the other. The brothers and sisters of the father being the uncles and aunts of the minor, claimed that the money in the hands of the guardian should descend to them as the realty which was the source of these funds would, had there been no sale by the guardian. On the other hand the half brothers and sisters claimed that by the sale of the property the proceeds lost that inheritable quality which would attach to the realty, and that the fund should be distributed as property which came to the minor, not by "descent, device or deed of gift." The court held with the half brothers and sisters and on page 125 say: "The land became transmuted to money, to personal property, by an act of law. As such it remained in the hands of the guardian. What the intestate inherited had been passed away, and what it produced assumed a new character. In this new character the law must regard it as an acquisition to the intestate."

Applying this principle to the case at bar in the real estate and title, which is now in Cooper, trustee, must be considered an

acquisition of the minor, and would descend, or rather ascend, under Section 4159, to the mother of the child.   There could be no doubt in the court's mind in reaching a conclusion in the case at' bar in consonance with the above decision, were it not for the possible construction that might be placed upon Section 4163, enacted subsequently to the decision of *Armstrong* v. *Miller* (*supra*), and which possibly was the occasion for the enactment. But this section however, applies solely to the personal property and its distribution.   The object of the statute is to change the distribution of personal property, or rather moneys which remain in the hands of the trustee, guardian, etc., which moneys arose from the sale of ancestral real estate, and it goes no farther.   It does not attempt to follow the fund outside of the hands of such guardian or trustee, or to impress upon the real estate, purchased with these moneys, the same inherital qualities incident to ancestral real estate.   Had the Legislature so desired it could easily have done so, but it has not, and this court does not feel called upon to enlarge the scope of this section, or go beyond the strict construction thereof and thus carry the doctrine of equitable conversion beyond in plain terms.

The court is of the opinion, therefore, that the property, the title to which is now in the trustee, belongs to the mother of the deceased minor.   Let the decree be drawn accordingly.

*Bromwell & Bruce* and *Cleveland & Bowler,* for plaintiff.
*Harmon, Colston, Goldsmith & Hoadly,* contra.